UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

|  |  |
|---|---|
| In re: | ) |
| | ) |
| Kevin D. BARRETT | )   Chapter 7 |
| and | )   Case No. 06-20294 |
| Lorilyn K. BARRETT | ) |

### MEMORANDUM OF DECISION

The debtors' motion to avoid a judicial lien against their home is before me on a stipulated record. The lienor's objection presents a novel issue: whether a prepayment penalty secured by a mortgage on the Debtors' homestead should be considered when determining the amount of "all other liens on the property" for the purposes of § 522(f)(2)(A)(ii). Because I conclude that the prepayment penalty is a cognizable component of the claim secured by an unavoidable mortgage, the judicial lien impairs the Debtor's homestead exemption and will be avoided.[1]

### BACKGROUND

In October of 2005, Precision Welding and Fabrication, Inc., ("Precision") obtained a judicial attachment in the amount of $12,595.74 against the debtors' home in York, Maine.[2] On

---

[1] This memorandum of decision sets forth my findings of fact and conclusions of law in accordance with Fed.R.Bank.P. 7052.
   Unless otherwise indicated, all references to statutory sections are to the Bankruptcy Reform Act of 1978 ("Bankruptcy Code" or "Code"), as amended, 11 U.S.C. § 101, *et seq*.

[2] Although attachment is an interlocutory remedy, see Me.Rules Civ.Proc. 4A(a); Morton v. Miller, 600 A.2d 395, 396 n.3 (Me.1991), the parties agree that, at bankruptcy, it existed as, or had ripened to, a valid judicial lien on the Barretts' residence.

July 13, 2006, the Barretts filed for chapter 7 relief, claiming a homestead exemption in the amount of $70,000 in the York property (the "homestead") where they reside with their minor children. Their exemption entitlement is unchallenged.[3]

The parties agree that the residence's value is $540,000. As of the filing date, the Barretts owed $447,712.04 to CIT Group ("CIT"), the holder of a first mortgage on the homestead. The CIT mortgage contains a prepayment penalty of 5% of the principal balance which must be paid upon any sale of the property prior to August 12, 2010. On the petition date, the penalty would have been $22,386.

Pursuant to § 522(f) the Barretts seek to avoid several judicial liens encumbering their residence. Precision is the sole objecting lienor.[4] Precision objects to the Barretts' computation of equity in the homestead, which takes into account the mortgage prepayment penalty. Without inclusion of the prepayment penalty in CIT's secured claim, Precision's judicial lien would not impair the Barretts' homestead exemption.

## DISCUSSION

Consistent with its goal of providing debtors with a "fresh start," the Bankruptcy Code permits debtors to avoid a judicial lien to the extent "it impairs an exemption to which the debtor

---

[3] Because Maine has "opted out" of the federal exemptions, debtors must look to the state's statute when claiming exemptions. See 11 U.S.C. § 522(B)(1); 14 M.R.S.A § 4426; In re Dubois, 306 B.R. 423, 425 n. 3 (Bankr.D.Me. 2004); In re MacLeod, 295 B.R. 1, 4 n. 4 (Bankr.D.Me. 2003). The Maine homestead exemption is set forth in 14 M.R.S.A. § 4422(1).

[4] Pioneer Capital Corporation and John P. DeStefano have judicial attachments dated November 29, 2005 and May 10, 2006, respectively.    Neither proffered an objection.

would have been entitled." 11 U.S.C. 522(f).[5]  In determining whether a judicial lien may be avoided, a court must determine (1) whether the debtor is entitled to an exemption; (2) the extent to which the lien may be avoided; and (3) whether the lien does in fact impair the exemption.  In re Mariano, 311 B.R. 335, 340 (Bankr.D.Mass. 2004) (citing In re Betz, 273 B.R. 313, 320-21 (Bankr.D.Mass.2002)).        .

Bankruptcy Code § 522(f)(2)(A) provides, in relevant part, that a lien shall be considered to impair an exemption to the extent that the sum of –

>  the lien;
>
>  all other liens on the property; and
>
>  the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.  11 U.S.C.§ 522(f)(2)(A).  The impairment calculus turns on the value of the exempt property, and the nature and extent of encumbrances upon it *on the date of bankruptcy*.  In re Wilding, 475 F.3d 428, 432 (1st Cir. 2007).  See In re Silveira, 141 F.3d 34, 38 (1st Cir. 1998) (describing the calculus of § 522(f) as "the value that the debtor's property would have in an unencumbered state" reduced by "the sum of (i) the targeted judicial lien ... (ii) all other liens ... and (iii) the amount of the debtor's exemption.")

Precision contends that the pertinent consideration for determining whether its lien impairs the Barretts' exemption is the value of the residence at the time of the bankruptcy filing.  According to Precision,  proper valuation does not include transaction costs associated with a

---

[5]   Section 522(f)'s lien avoidance power is qualified and limited in respects not pertinent here.  See 11 U.S.C. §§ 522(f)(1)(B), f(2)(C), f(3), f(4).

sale considered to be both "unintended and hypothetical." So much is true: a bevy of courts have opted against including hypothetical sales costs and other transaction costs in the valuation of collateral for the purpose of determining the fate of a judicial lien. See In re Webb, 2002 WL 33939737, 5 (Bankr.D.Idaho 2002) (citing cases); In re Richardson, 280 B.R. 717, 718-719 (Bankr.S.D. Ala. 2001); In re Cisneros, 257 B.R. 332 (Bankr.D.N.M. 2000); In re Mangold, 244 B.R. 901 (Bankr.S.D. Ohio 2000); In re Colson, 221 B.R. 162, 164 (D.Md. 1997); In re Rehbein, 49 B.R. 250 (Bankr.D.Mass. 1985).

But Precision's focus on valuing the *property* is misplaced. The critical inquiry for today is the *extent* of the claim secured by CIT's mortgage on the date the Barretts filed for bankruptcy relief.

The CIT prepayment penalty was a very real component of its mortgage claim on the date of bankruptcy. It was "hypothetical" in no respect. When the Barretts filed, they had already entered into a mortgage with CIT. The note secured by that mortgage included a contractually bargained-for penalty for advanced payoff of the loan. A hypothetical liquidation on the filing date would have to take account of the penalty as part of CIT's mortgage claim. CIT's secured claim on the petition date was the mortgage pay off plus the 5% penalty to which it was entitled if the loan were paid in full on that date.[6]

It is worth noting that lien avoidance is not an "all-or-nothing matter." In re Garran, 338 F.3d 1, 5-6 (1st Cir. 2003) (citing In re Silveira, 141 F.3d at 35-36). To the extent that a judicial lien does not impair a debtor's exemption, it cannot be avoided. In this case, the value of CIT's unavoidable lien ($447,712 of principal balance on the mortgage plus the $22,386 prepayment

---

[6] Neither Precision nor the Barretts contest the validity of the prepayment penalty provisions in CIT's mortgage note.

penalty) combined with the Barretts' claimed homestead exemption ($70,000) is greater than the stated value of the property ($540,000). Thus, Precision's judicial lien impairs the value of the exemption to which the Barretts' would otherwise be entitled and as such may be fully avoided. See In re Garran, 338 F.3d at 5-6.

## **CONCLUSION**

For the reasons set forth above, the debtors' motion will be granted. A separate order will enter forthwith.

_____      _____
Date                                                              James B. Haines, Jr.
                                                                          U.S. Bankruptcy Judge